**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Chesier,<br><br>Plaintiff,<br><br>v.<br><br>On Q Financial Incorporated,<br><br>Defendant. | No. CV-17-04034-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion to review judgment on taxation of costs. (Doc. 77.) As explained below, the motion will be granted.

## BACKGROUND

This is a Title VII case in which the Plaintiff alleged she was subjected to sexual harassment by a supervisor at work. In April 2019, the Court issued an order granting Defendant's motion for summary judgment for the following reasons:

> Although the Court disagrees with On Q's contention that Middleton's conduct was not "unwelcome" as a matter of law—a rational jury could easily find that Chesier was mortified and that the power differential between her and Middleton explains why she adopted a playful tone during the exchange—the Court agrees with On Q that the conduct was not "sufficiently severe or pervasive" to trigger liability under Title VII. This case involves in single instance in which a supervisor sent improper messages to a subordinate. There was no physical contact. Although it is possible for a single incident of harassment to create liability, the Ninth Circuit has emphasized that the single incident must involve an "extremely severe" form of harassment and has identified rapes and other violent physical assaults as the only types of conduct that might qualify. The conduct at issue here—a

single string of sexually-charged messages, divorced from any physical contact—is simply not enough.

(Doc. 71 at 2.)

Following entry of judgment, Defendant filed a bill of costs that sought $1,735. (Doc. 73.) In response, Plaintiff filed written objections, arguing that (1) the Clerk should decline to award any costs due to her limited financial resources, the need to avoid chilling Title VII litigants from bringing future cases, and the closeness of the issues, and (2) one of the particular costs specified in Defendant's bill of costs, a $606.20 delivery charge, was improper. (Doc. 75.)

On May 20, 2019, the Clerk of Court issued a taxation judgment in the full amount sought by Defendant. (Doc. 76.)

On May 22, 2019, Plaintiff filed a motion under LRCiv 54.1(b) seeking review of the Clerk's taxation judgment. (Doc. 77.)

Under LRCiv 7.2(c), Plaintiff's response to this motion was due by June 5, 2019. No response has been filed.

## ANALYSIS

Plaintiff's motion for review will be granted. As an initial matter, Defendant's failure to respond to the motion provides an independent reason for granting it. *See* LRCiv 7.2(i) ("[I]f . . . counsel does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily.").

Moreover, the motion should be granted on the merits. Plaintiff has submitted a declaration establishing that she's a stay-at-home mom for whom paying a $1,735 cost bill would create a substantial financial hardship. (Doc. 77-1.) Additionally, although Plaintiff didn't prevail in this case, her claims weren't frivolous—the conduct to which she was exposed, while deplorable, simply wasn't "pervasive or severe" enough to trigger liability. The decision whether to award costs under Rule 54(b) is discretionary and the Ninth Circuit has recognized that it may be appropriate to decline to award costs in these circumstances.

*Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-49 (9th Cir. 2014) (upholding denial of costs where the plaintiff had "limited financial resources," the "case was close," and a contrary approach might "discourag[e] potential plaintiffs" from bringing future "ultimately unsuccessful civil rights cases") (citations and internal quotation marks omitted).

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's motion to review judgment on taxation of costs (Doc. 77) is **granted**; and

(2) The taxation judgment (Doc. 76) is **vacated**.

Dated this 6th day of June, 2019.

_____
Dominic W. Lanza
United States District Judge